# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| DI'ONNA FALLEN,<br>　　　　　　Appellant,<br><br>　　　　v.<br><br>DEPARTMENT OF HOMELAND<br>　　SECURITY,<br>　　　　　　Agency. | DOCKET NUMBER<br>DC-0432-19-0703-I-1<br><br><br>DATE: December 31, 2024 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Clark Browne, Clinton, Maryland, for the appellant.

Aaron A. Kor and Jeb Harmon, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which sustained her performance-based removal. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

REMAND the appeal to the Washington Regional Office for further adjudication consistent with *Santos v. National Aeronautics and Space Administration*, 990 F.3d 1355 (Fed. Cir. 2021), and this remand order.

## BACKGROUND

Effective July 10, 2019, the agency removed the appellant from her position as a GS-8 Human Resources Assistant under 5 U.S.C. chapter 43 for unacceptable performance. Initial Appeal File (IAF), Tab 27 at 10-12, 17-21, Tab 28 at 54. Specifically, the agency charged that the appellant had failed to achieve minimally acceptable performance in three core competencies of her position, i.e., technical skills, professionalism, and working with others, and that she had failed to improve during a 60-day employee proficiency plan (EPP), which is apparently the agency's term for what is commonly called a performance improvement plan (PIP).[2] IAF, Tab 27 at 17-21, Tab 28 at 55-59.

The appellant appealed her removal to the Board, raising several affirmative defenses related to her alleged disability, including: (1) disparate treatment disability discrimination; (2) failure to provide a reasonable accommodation; and (3) reprisal for requesting a reasonable accommodation. She also asserted that the agency removed her in reprisal for filing administrative grievances unrelated to EEO activity protected under Title VII. IAF, Tab 1 at 3, 6, Tab 6 at 2, Tab 11 at 1-3, 33-34, 127-30, Tab 17 at 1-2, Tab 25 at 2, Tab 35 at 29.30.

Following a hearing, the administrative judge issued an initial decision finding that the agency proved the merits of its performance-based removal action by substantial evidence and sustaining the appellant's removal under chapter 43. IAF, Tab 42, Initial Decision (ID) at 1, 3-4, 19. He also concluded that the appellant had failed to prove by preponderant evidence her affirmative defenses

---

[2] Although the appellant was initially provided a 30-day improvement period, IAF, Tab 28 at 55, her supervisor subsequently extended the EPP by an additional 30 days, IAF, Tab 27 at 18.

of failure to provide a reasonable accommodation, disparate treatment disability discrimination, and reprisal for having requested a reasonable accommodation.[3] ID at 13, 15-19.

The appellant has filed a petition for review, and the agency has responded in opposition. Petition for Review (PFR) File, Tabs 4, 6. In her petition for review, the appellant alleges that the administrative judge misinterpreted a portion of her testimony, erroneously disallowed certain witness testimony, and erred in denying her motion to compel discovery. She argues that she was prejudiced in the proceedings because she lacked the assistance of counsel before the administrative judge. She also reraises her affirmative defenses related to her alleged disability and her administrative grievance. PFR File, Tab 4 at 1-3.

## DISCUSSION OF ARGUMENTS ON REVIEW

Consistent with the U.S. Court of Appeals for the Federal Circuit's decision in *Santos*, 990 F.3d 1355 at 1360-63, we are remanding this appeal for further adjudication. In *Santos*, the court held for the first time that, in addition to the elements of a chapter 43 case set forth by the administrative judge in the initial decision, an agency must also show that the initiation of a PIP was justified by the appellant's unacceptable performance before the PIP. *Id.* Prior to discussing the remand, however, we address the administrative judge's findings on the elements of a chapter 43 appeal as they existed at the time the initial decision was issued and the appellant's arguments on review regarding her affirmative defenses and alleged adjudicatory errors on the part of the

---

[3] Following the issuance of the initial decision but prior to filing her petition for review, the appellant submitted a filing to the Board. IAF, Tab 44. In this filing, the appellant accuses her first-line supervisor of harassment, and she provides documentation that, the appellant alleges, shows that her first-line supervisor attempted to connect with her on a social media platform. *Id.* at 2-3. Board regulations do not permit such a filing, *see* 5 C.F.R. § 1201.114(a), and, in any event, the filing is not material to the outcome of this appeal, and neither party references it on review.

administrative judge. As set forth below, we discern no basis to disturb those findings.

We discern no error in the administrative judge's findings regarding the chapter 43 performance-based removal action under pre-*Santos* law.

When the initial decision was issued, the Board's case law provided that, in a performance-based action under 5 U.S.C. chapter 43, an agency must establish by substantial evidence that (1) the Office of Personnel Management (OPM) approved its performance management system; (2) the agency communicated to the appellant the performance standards and critical elements of her position; (3) the appellant's performance standards are valid under 5 U.S.C. § 4302(c)(1); (4) the agency warned the appellant of the inadequacies of her performance during the appraisal period and gave her a reasonable opportunity to improve; and (5) the appellant's performance remained unacceptable in at least one critical element. *Lee v. Department of Veterans Affairs*, 2022 MSPB 11, ¶ 13; *White v Department of Veterans Affairs*, 120 M.S.P.R. 405, ¶ 5 (2013); *Lee v. Environmental Protection Agency*, 115 M.S.P.R. 533, ¶ 5 (2010).

In the initial decision, the administrative judge acknowledged that the appellant was not disputing that her appraisal plan was approved by OPM. ID at 4. He summarized the record evidence, including testimony from the appellant's first-line supervisor regarding the appellant's performance standards, the agency's communication of those standards, the appellant's performance under those standards, and how the agency addressed the appellant's performance deficiencies. ID at 6-8. Based on that evidence, he concluded that the appellant's performance standards were valid, that they were communicated to the appellant, that the appellant's performance was unacceptable in at least one critical element, and that the appellant was warned of her inadequacies. ID at 4-8. The administrative judge also discussed the record evidence regarding the assistance the agency provided during the EPP, including testimony from the appellant's first- and second-line supervisors, and concluded that despite being given a

reasonable opportunity to improve, the appellant was still deficient in at least three critical elements. ID at 8-13. Accordingly, he sustained the performance-based removal action under the pre-*Santos* elements.

The appellant has not challenged any of these findings on review.[4] We have reviewed the record in conjunction with the administrative judge's thorough discussion of the evidence, and we discern no basis to disturb these findings. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

---

[4] Many of the appellant's duties at the time relevant to this appeal were related to a data entry project to which she was assigned. ID at 6. In the initial decision, the administrative judge discussed the appellant's reply to the proposed removal, wherein the appellant stated that she was "not interested in the data entry" and her testimony at the hearing that she was unable to complete the data entry project due to carpal tunnel syndrome and wanted a different position with the agency. ID at 2, 10 & n.2. On review, the appellant asserts that the administrative judge misinterpreted her testimony on this point and that what she meant was that she "would have preferred to have been doing a job that allowed her to utilize some of her skills in order to be help[ful] with the [a]gency's mission." PFR File, Tab 4 at 2. We do not believe that the administrative judge misinterpreted this testimony, particularly in light of the fact that he acknowledged that she would have preferred another position with the agency. ID at 10 n.2. Further, the administrative judge found that the data entry task "fell within the appellant's position description and as an employee, the appellant did not have the discretion to pick and choose what assignments she wished to work on." ID at 10. The appellant has not challenged this conclusion on review, and we discern no basis to disturb it. Her argument on review that the administrative judge misinterpreted testimony in this regard does not provide a basis to disturb his conclusion that the agency proved the elements as they existed at the time for a performance-based removal taken pursuant to chapter 43.

<u>We discern no basis to disturb the administrative judge's findings that the appellant failed to prove any affirmative defense related to her disability, but we clarify some of those findings here.</u>[5]

As briefly set forth above, the appellant asserted that the agency failed to accommodate her disability, treated her differently than other employees due to her disability, and retaliated against her for prior EEO activity related to her disability. IAF, Tab 25 at 2. The Board adjudicates claims of disability discrimination raised in connection with an otherwise appealable action under the substantive standards of section 501 of the Rehabilitation Act. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 35. The Rehabilitation Act has incorporated the standards of the Americans with Disabilities Act (ADA), as amended. *Id.* Therefore, we apply those standards here to determine if there has been a Rehabilitation Act violation. *Id.* In particular, the ADA provides that it is illegal for an employer to "discriminate against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a); *Haas v. Department of Homeland Security*, 2022 MSPB 36, ¶ 28. An employer is required to provide reasonable accommodation for an otherwise qualified individual with a disability. 42 U.S.C. § 12112(b)(5); *Haas*, 2022 MSPB 36, ¶ 28. Thus, both a claim of disability discrimination based on an individual's status as disabled and a claim based on an agency's failure to reasonably accommodate that disability require that the individual be disabled within the meaning of 42 U.S.C. § 12102(1) and 29 C.F.R. § 1630.2(g)(1) and that she be "qualified," meaning that she can perform the essential functions of the position she holds with or without a reasonable accommodation. *Haas*, 2022 MSPB 36, ¶ 28.

---

[5] Although one of the appellant's early filings suggested that she was also claiming disparate impact disability discrimination, IAF, Tab 11 at 1, she subsequently indicated that she was pursuing disability discrimination only on the bases of disparate treatment and failure to provide a reasonable accommodation, IAF, Tab 25 at 2. The administrative judge did not discuss disparate impact in the initial decision. Because the appellant, who is represented on review, does not raise any issues regarding disparate impact on review, we conclude that this possible claim does not warrant further discussion. *See Thurman v. U.S. Postal Service*, 2022 MSPB 21, ¶ 18.

In considering the both the appellant's failure to accommodate claim and her disparate treatment claim, the administrative judge stated that, because the appellant "claimed that she suffered from lumbar disc disease[] and carpal tunnel syndrome," she met the "requirement for a 'disability'" for purposes of this claim. ID at 14. Nonetheless, he found that the appellant otherwise "failed to make a prima facie case of discrimination on the basis of disparate treatment or failure to accommodate."[6] *Id.* As explained below, we discern no basis to disturb his ultimate conclusion that the appellant failed to prove these claims.

*Failure to accommodate claim*

In her petition for review, the appellant states that she suffers from carpal tunnel syndrome, and she avers that this condition rendered her performance standards unobtainable because it "severely hampered" her ability to perform. PFR File, Tab 4 at 1-2. We construe this claim as a reassertion that the agency engaged in disability discrimination by failing to provide her with reasonable accommodation for her carpal tunnel syndrome.

In the initial decision, the administrative judge summarized the evidence regarding the appellant's efforts in securing reasonable accommodation for her conditions. ID at 14-15. He ultimately concluded that the agency "did not improperly deny the appellant reasonable accommodation." ID at 15. The

---

[6] As a threshold matter, 29 C.F.R. § 1630.2(g) explains that an appellant can show that she has a disability by showing that (1) she has a physical or mental impairment that substantially limits one or more major life activities; (2) she has a record of such impairment; or (3) she is regarded as having such an impairment. 29 C.F.R. § 1630.2(g)(1). To the extent the administrative judge concluded that the appellant was an individual with a disability as defined by 29 C.F.R. § 1630.2(g) solely because she alleged that she suffered from lumbar disc disease and carpal tunnel syndrome, such a bare conclusion was without basis in the law. Nonetheless, as explained in the text, we ultimately agree with his conclusion that the appellant otherwise failed to establish her claims of failure to accommodate and disparate treatment disability discrimination. As such, we need not resolve at this time whether the appellant was disabled within the meaning of 29 C.F.R. § 1630.2(g). *See Haas*, 2022 MSPB 36, ¶ 29 n.9 (explaining that, although a determination of whether the appellant proved that she is a qualified individual with a disability is generally regarded as a threshold question, some disability discrimination claims may be resolved without reaching that question).

appellant's vague references to this claim on review do not provide a basis to disturb this conclusion. As set forth in the initial decision, although the appellant submitted a request for reasonable accommodation, the basis of her request was unclear, as it did not specifically mention carpal tunnel syndrome, and, following her request, she informed both her supervisor and the reasonable accommodation coordinator that she did not have any limitations that impacted her job performance. IAF, Tab 14 at 10, 13. Further, as observed by the administrative judge, the appellant admittedly failed to fulfill her obligations under the interactive process by declining to provide medical documentation and information requested by the agency. ID at 15-16. Accordingly, we agree with the administrative judge that the appellant failed to engage in the interactive process and that she, therefore, failed to establish her affirmative defense of failure to accommodate. *See Miller v. Department of the Army*, 121 M.S.P.R. 189, ¶¶ 19-21 (2014) (finding that the appellant failed to establish that the agency violated its duty of reasonable accommodation when she, among other things, failed to engage in good faith in the interactive process); *White v. Department of Veterans Affairs*, 120 M.S.P.R. 405, ¶ 12 (2013) (explaining that, when the existence or nature of a reasonable accommodation is not obvious, and the employee fails to respond to the employer's reasonable request for medical information or documentation, an agency will not be found to have violated its duty to provide a reasonable accommodation).

*Disparate treatment disability discrimination*

In analyzing the appellant's disparate treatment disability discrimination claim, the administrative judge cited and discussed the burden-shifting scheme set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). ID at 16-17. In so doing, he concluded that the appellant failed to show that her removal was based on discriminatory animus or that the removal action gave rise to the inference of discrimination. *Id.* On review, the appellant does not raise any discernible argument regarding the administrative judge's findings. Nonetheless,

subsequent to the initial decision, the Board issued *Pridgen*, wherein it clarified that, when an appellant raises a disparate treatment disability discrimination claim, she must prove that her status as disabled was at least a motivating factor in the decision taken against her. *Pridgen*, 2022 MSPB 31, ¶¶ 40, 42. Accordingly, we analyze her claim under this framework.

In the initial decision, the administrative judge credited the appellant's first- and second-line superiors' testimony that the appellant's status as a person with a disability did not play a role in her removal over the appellant's inconsistent testimony on the issue. ID at 16. Additionally, he observed that "[t]he appellant did not present any credible evidence to show that she was removed based on her disability." *Id.* Based on the administrative judge's credibility determinations and his observation of the lack of evidence from the appellant on this claim, we conclude that the appellant failed to establish that her status as disabled was at least a motivating factor in the agency's decision to remove her. *See Pridgen*, 2022 MSPB 31, ¶¶ 40, 42; *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (explaining that, when an administrative judge has held a hearing and made credibility determinations, the Board must defer to those credibility determinations and may overturn such determinations only when it has sufficiently sound reasons for doing so). As such, we discern no basis to disturb the administrative judge's ultimate conclusion that the appellant failed to establish her disparate treatment disability discrimination claim.

*Reprisal for engaging in protected activity regarding the appellant's disability claim*

The appellant also argued below that the agency removed her in reprisal for her protected activity regarding her disabled status. She reiterates this claim on review, again asserting that she was removed in retaliation for requesting reasonable accommodation. PFR File, Tab 4 at 2. In finding that the appellant failed to prove her claim of reprisal, the administrative judge used the legal

framework set forth in *Savage v. Department of the Army*, 122 M.S.P.R. 612 (2015), *overruled in part by Pridgen*, 2022 MSPB 31, ¶¶ 23-25. ID at 17. Under *Savage*, the Board first inquires whether the appellant has shown by preponderant evidence that the prohibited consideration was a motivating factor in the contested personnel action, and, if so, the next inquiry is whether the agency has shown by preponderant evidence that it would have taken the action absent the discriminatory motive. *Savage*, 122 M.S.P.R. 612, ¶ 51. If the agency makes such a showing, the Board will not reverse the contested personnel action. *Id.*

In *Pridgen*, however, which, again, was issued after the initial decision, the Board clarified that in reprisal claims arising under the ADA, such as reprisal for requesting a reasonable accommodation, the appellant must show that her protected activity was a "but-for" cause in her removal. *Pridgen*, 2022 MSPB 31, ¶¶ 44-47. Although, as explained below, we still agree with the administrative judge that the appellant failed to establish this claim, we nonetheless take the opportunity to apply the analytical framework in *Pridgen* here.

In the initial decision, the administrative judge explained that the appellant was "unable to produce any evidence, other than her own testimony, to indicate that her removal was based on retaliation." ID at 18. He found her testimony to be "inconsistent" and further observed that she failed to produce any comparator evidence to show that others without an alleged disability were treated differently from her. *Id.* We agree with the administrative judge that, based on the foregoing, the appellant failed to meet the motivating factor standard set forth in *Savage*, and that she, therefore, necessarily fails to meet the more stringent legal standard for reprisal claims related to a disability set forth in *Pridgen*. *See, e.g., Haas*, 2022 MSPB 36, ¶ 32 (concluding that, when an appellant fails to meet the lesser motivating factor standard, she "necessarily" fails to meet the more stringent but-for standard). The appellant's assertion on review that she received fully successful performance ratings up until the time she engaged in EEO activity does not provide a sufficient basis to disturb that finding.

Based on the foregoing, we agree with the administrative judge that the appellant failed to establish any of her disability-related affirmative defenses.

The appellant failed to establish any other affirmative defense.[7]

In the appellant's petition for review, she reasserts that the agency retaliated against her because she filed "a grievance." PFR File, Tab 4 at 2; IAF, Tab 1 at 3, 6, Tab 11 at 33-34, 127-30.[8] Although the administrative judge acknowledged in his initial decision that the appellant had filed a grievance, he did not specifically address her claims of reprisal associated therewith.[9] ID at 2. Because the record is fully developed, we analyze this claim on review and, as explained below, find that the appellant failed to prove that the agency retaliated against her on this basis.[10]

---

[7] The appellant also averred before the administrative judge that she had filed an Office of Workers' Compensation Programs (OWCP) claim, and she provided numerous documents to this effect. IAF, Tab 6 at 2, Tab 17 at 2, 32, 40-42. Although her arguments are unclear, it does not appear that she alleged reprisal for filing an OWCP claim; rather, it appears that this information was included to illustrate the severity of her alleged disabilities. Similarly, in one of the appellant's filings before the administrative judge, she briefly referenced a 2013 EEO complaint wherein she apparently alleged both age and disability discrimination. IAF, Tab 34 at 1. Although unclear, the appellant appears to raise this complaint again on review. PFR File, Tab 4 at 2. To the extent the appellant has alleged EEO reprisal on the basis of this 2013 complaint, we observe that the appellant received general notice of the elements of a claim of reprisal but failed to adduce any credible evidence of the same. IAF, Tab 38 at 4-6; ID at 19.

[8] Although the appellant references only one grievance on review, she alleged before the administrative judge, and the record also reflects, that she filed two administrative grievances with the agency, neither of which pertained to EEO-related matters. IAF, Tab 11 at 1, 33-34, 127-30; PFR File, Tab 4 at 2.

[9] The administrative judge provided the appellant with general notice regarding the applicable burden for a Title VII status reprisal claim, as it existed at the time. IAF, Tab 38 at 4-6 (citing *Savage*, 122 M.S.P.R. 612).

[10] Although the appellant did not raise this affirmative defense in the parties' prehearing conference, insofar as she raises this issue on review, we conclude that she did not intend to abandon this claim, and thus, consider it here. IAF, Tab 38 at 3; PFR File, Tab 4 at 2-3; *see Thurman*, 2022 MSPB 21, ¶¶ 17-18.

When, as here, an appellant alleges an affirmative defense of retaliation for activity protected under 5 U.S.C. § 2302(b)(9)(A)(ii), if she does not allege reprisal for EEO activity protected under Title VII, she must show that (1) she engaged in protected activity; (2) the accused official knew of the activity; (3) the adverse action under review could have been retaliation under the circumstances; and (4) there was a genuine nexus between the alleged retaliation and the adverse action. *Mattison v. Department of Veterans Affairs*, 123 M.S.P.R. 492, ¶ 8 (2016) (citing *Warren v. Department of the Army*, 804 F.2d 654, 656-58 (Fed. Cir. 1986)). To establish a genuine nexus, an appellant must show that the adverse action was taken because of her protected activity. *Id.*

We find that the appellant failed to show any nexus between her protected grievance activity and her removal. As set forth in the initial decision, the only evidence regarding any retaliation that the appellant adduced was her inconsistent testimony regarding the same. ID at 19. Moreover, the administrative judge ultimately concluded that "the undisputed evidence shows that the appellant failed to meet the objectives outlined in her [employee proficiency plan]." *Id.* Thus, we find that the appellant failed to prove that the agency removed her in retaliation for filing a grievance.

The remainder of the appellant's arguments on review are without merit.

In her petition for review, the appellant asserts that the administrative judge "failed to allow all of [her] witnesses to testify," and she avers that this error "hampered [her] ability to prove her case." PFR File, Tab 4 at 1. An administrative judge has broad discretion to regulate the course of the hearing and to exclude evidence and witnesses that have not been shown to be relevant, material, and nonrepetitious. *Thomas v. U.S. Postal Service*, 116 M.S.P.R. 453, ¶ 4 (2011); *Sanders v. Social Security Administration*, 114 M.S.P.R. 487, ¶ 10 (2010); 5 C.F.R. § 1201.41(b)(8), (10). To obtain reversal of an initial decision on the basis of the exclusion of a witness, the appellant must show that a relevant witness or evidence, which could have affected the outcome, was disallowed. *See*

*Thomas*, 116 M.S.P.R. 453, ¶ 4. Here, insofar as the administrative judge approved the testimony of all of the appellant's timely proffered witnesses, we find no abuse of discretion. IAF, Tab 38 at 9. Moreover, the appellant does not explain how the testimony of her late-proffered witnesses would have changed the outcome of her appeal.

The appellant also contends that the administrative judge erroneously denied her motion to compel discovery. PFR File, Tab 4 at 2. To this end, she states that the administrative judge "failed to take in[to] consideration that [she] suffers from [c]arpal [t]unnel [s]yndrome and was unable to write or produce any documents in a timely manner in accordance with MSPB [p]olicy and procedures." *Id.* Administrative judges have broad discretion on discovery matters. *Markland v. Office of Personnel Management*, 73 M.S.P.R. 349, 353 (1997), *aff'd*, 140 F.3d 1031 (Fed. Cir. 1998); *see* 5 C.F.R. § 1201.41(b)(4). Absent an abuse of discretion, the Board will not find reversible error in an administrative judge's discovery rulings. *Cassel v. Department of Agriculture*, 72 M.S.P.R. 542, 546 (1996). Here, insofar as the appellant's motion to compel was both untimely and procedurally deficient, we find no such abuse of discretion. IAF, Tab 26 at 2-4, Tab 30 at 1-3; *see* 5 C.F.R. § 1201.73(c)(1) (explaining that a motion to compel must include a statement that the moving party discussed or attempted to discuss the motion with the nonmoving party and a copy of the nonmoving party's response to the underlying discovery request). To the extent the appellant contends that her carpal tunnel syndrome precluded her from complying with Board regulations and/or from timely filing the subject motion, her contention is unavailing given that she did not make such a claim before the administrative judge. *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (explaining that the Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence). Moreover, the appellant fails to explain how she was prejudiced

by the administrative judge's denial of her discovery-related motion. *See Vincent v. Federal Deposit Insurance Corporation*, 41 M.S.P.R. 637, 640 (1989) (finding unavailing the appellant's allegations of discovery-related adjudicatory errors when the appellant neither clearly identified the evidence he was precluded from obtaining nor explained how his rights were prejudiced by the alleged denial of such evidence). Accordingly, we find no error in the administrative judge's denial of the appellant's motion to compel.

Finaly, the appellant states in her petition for review that because she was not represented by counsel before the administrative judge, she was taken advantage of by both the administrative judge and agency counsel. PFR File, Tab 4 at 2. To the extent the appellant alleges that she was prejudiced by her lack of legal representation before the administrative judge, it was the appellant's obligation to secure legal representation if she desired it. *Marsheck v. Department of Transportation*, 15 M.S.P.R. 423, 425 (1983). Indeed, the Board is not required by law, rule, or regulation to appoint counsel for an appellant. *Id.* To the extent the appellant alleges bias on the part of the administrative judge, PFR File, Tab 4 at 2, her allegation is unavailing. The Board consistently has held that, in making a claim of bias against an administrative judge, the appellant must overcome the presumption of honesty and integrity that accompanies all administrative adjudicators. *Washington v. Department of the Interior*, 81 M.S.P.R. 101, ¶ 7 (1999). This presumption can be overcome only by a substantial showing of personal bias. *Williams v. U.S. Postal Service*, 87 M.S.P.R. 313, ¶ 12 (2000). Here, the record is devoid of any indication of personal bias. Accordingly, we find this argument to be without merit.

<u>Remand is necessary under *Santos* to afford the parties an opportunity to submit evidence and argument regarding whether the appellant's placement on a PIP was proper.</u>

Although the appellant has identified no basis for us to disturb the administrative judge's findings with respect to either the chapter 43 removal action or her affirmative defenses, we nonetheless must remand this appeal for another reason. As noted above, during the pendency of the petition for review in this case, the Federal Circuit issued *Santos*, 990 F.3d at 1360-63, in which it held that, in addition to the five elements of an agency's chapter 43 removal case set forth above, the agency must also justify the initiation of a PIP by proving by substantial evidence that the employee's performance was unacceptable prior to the PIP. The Federal Circuit's decision in *Santos* applies to all pending cases, including this one, regardless of when the events took place. *Lee*, 2022 MSPB 11, ¶ 16.

Although the record in this case already contains evidence suggesting that the appellant's performance prior to the initiation of the PIP was unacceptable, we remand the appeal to give the parties the opportunity to present argument and additional evidence on whether the appellant's performance during the period leading up to the PIP was unacceptable in one or more critical elements. *See id.*, ¶¶ 15-17. On remand, the administrative judge shall accept argument and evidence on this issue and shall hold a supplemental hearing if appropriate. *Id.*, ¶ 17.

The administrative judge shall then issue a new initial decision consistent with *Santos*. *See id.* If the agency makes the additional showing required under *Santos* on remand, the administrative judge may incorporate in the remand initial decision his prior findings on the other elements of the agency's case and the appellant's affirmative defenses, consistent with this Remand Order. *See id.* However, regardless of whether the agency meets its burden, if the argument or evidence on remand regarding the appellant's pre-PIP performance affects the

administrative judge's analysis of the appellant's affirmative defenses, the administrative judge should address such argument or evidence in the remand initial decision. *See Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980) (explaining that an initial decision must identify all material issues of fact and law, summarize the evidence, resolve issues of credibility, and include the administrative judge's conclusions of law and his legal reasoning, as well as the authorities on which that reasoning rests).

## ORDER

For the reasons discussed above, we remand this case to the Washington Regional Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD: 　　　　　　_____
　　　　　　　　　　　　　　Gina K. Grippando
　　　　　　　　　　　　　　Clerk of the Board
Washington, D.C.